**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MAC CHAPPYS LLC, and Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BADGER MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. |

**NOTICE OF REMOVAL**

NOW COMES Defendant, BADGER MUTUAL INSURANCE COMPANY (hereinafter "Badger Mutual"), by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and pursuant to 28 U.S.C. § 1332, 1441, and 1446, states as follows in support of its Notice of Removal:

1. On August 18, 2025, Mac Chappys LLC ("Plaintiff") filed a Complaint ("Complaint") in the Circuit Court for White County, Illinois captioned *Mac Chappys LLC v. Badger Mutual Insurance Company*, case number 2025LA13.

2. On December 19, 2025, Badger Mutual was served with the Complaint.

3. Plaintiff's Complaint, attached hereto as Exhibit A, is the only pleading that has been filed in the state court action.

4. Plaintiff is an Illinois limited liability corporation and citizen of the State of Illinois, with its principal place of business located at 116 S. Main Street, Grayville, Illinois 62844. Plaintiff has two members:

    a. Mark Campbell, who is a citizen of the State of Illinois; and

b. Donna Campbell, who is a citizen of the State of Illinois.

5. Badger Mutual is a Wisconsin corporation and citizen of the State of Wisconsin, with its principal place of business located in Milwaukee, Wisconsin.

6. Plaintiff's Complaint alleges claims for breach of contract against Badger Mutual stemming from a property insurance claim for alleged collapse and physical damage to property located at 116 South Main Street, Grayville, Illinois 62844 ("Property"). Plaintiff's Complaint alleges an estimated amount of loss of $350,000.00. *See* Exhibit A.

7. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, thereby vesting subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1332.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1441.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after receipt by the Defendant of Plaintiff's Complaint.

10. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Badger Mutual will give written notice to the Plaintiff and will file a copy of this Notice of Removal with the Circuit Court for the Second Judicial Circuit of White County, Illinois, and will serve all parties with a file marked copy of the "Notice of Removal."

WHEREFORE, Defendant, BADGER MUTUAL INSURANCE COMPANY, hereby removes this matter from the Circuit Court of White County, Illinois to the United States District Court for the Southern District of Illinois as provided by law, and this action should proceed as if it had originally been commenced in his Court.

Respectfully Submitted,

**BADGER MUTUAL INSURANCE COMPANY**

By: */s/ David I. Walters*

David I. Walters (diw@lefltd.com)
ARDC No. 6278659
LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel: (312) 368-4554
Fax: (312) 368-4562

X18 40044

FILED
White Co. Circuit Court
2nd Judicial Circuit
Date: 8/18/2025 4:04 PM
Kelly L. Fulkerson

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, WHITE COUNTY, ILLINOIS

MAC CHAPPYS LLC,
An Illinois Corporation
(Plaintiff / Petitioner),

v.

BADGER MUTUAL INSURANCE COMPANY
(Defendant / Respondent),

2025LA13

Case No. 2025-XXXXXX

Now comes, the Plaintiff, MAC Chappys LLC by and through its attorney, Jonathan Turpin, of Turpin & Ghibaudy, in the above-captioned cause, and hereby states its Complaint against the named Defendant, and in support thereof states as follows:

## COUNT I
## BREACH OF CONTRACT

1. That the Plaintiff, MAC Chappys LLC is an Illinois Corporation that at all times relevant to this Cause has had its principal place of business located at 116 South Main Street, Grayville, White County, Illinois 62844.

2. That the Plaintiff and the Defendant entered into a term insurance policy contract covering the dates between May 17th, 2024 and May 17th, 2025, being named Policy Number 00767-33737, **which is attached hereto as Plaintiff's Exhibit 1**, wherein the Defendant agreed to indemnify the Plaintiff against physical and financial loss to its principal place of business, commonly known as "Chappys Bar," located at 116 South Main Street, Grayville, White County, Illinois 62844.



EXHIBIT
A

3. That the Plaintiff has fully performed any and all contractual obligations and duties Plaintiff agreed to perform under the terms of the Insurance Policy between the Parties, and Plaintiff specifically represents that it has paid all premiums and financial obligations timely under the Policy.

4. That specifically the Defendant as a part of the insurance coverage contract ("Policy" herein) agreed to cover the Plaintiff against loss caused by a collapse of the subject building, which is the principal place of business of MAC Chappys LLC under the endorsement "CP-85 Ed. 1.0.". **Please see Plaintiff's Exhibit 2 attached.**

5. That specifically the Policy provides for indemnification and protection against direct physical loss involving collapse of a building or structure caused by hidden decay under "CP-85 Ed. 1.0 additional Coverages (1)(b). **Please see Plaintiff's Exhibit 2 attached.**

6. That on or about July 20th, 2024 a collapse occurred at the insured principal place of business of the Plaintiff in that the Structure collapsed and fell into the public way immediately adjacent to the collapsed building, which was at all times insured under the heretofore identified policy.

7. That the subject building collapsed into a public thoroughfare and in so doing created an immediate risk and necessity to clean up the dangerous collapsed building from causing further property damage or causing injury to nearby persons.

8. That as a result of the collapse or partial collapse of said building the Plaintiff has suffered significant financial loss in paying for the cleanup and

returning the site of the collapsed building to a safe condition for the premises and the public.

9. That as a result of the collapse or partial collapse of said building the Plaintiff has suffered significant financial loss of the value of the collapsed building, which is upon information and belief in excess of $50,000.00.

10. That as a result of the collapse or partial collapse of said building the Plaintiff has suffered significant financial loss because of lost income and business opportunity from not having the use and enjoyment of the collapsed building.

11. That the Defendant refuses to perform in "good faith" under the terms of the Policy and has refused to pay anything for the losses suffered by the Plaintiff as a result of the Collapse of the Plaintiff's insured building on July 20th, 2024, and has therefore breached the terms of the policy agreement with the Plaintiffs such that the Plaintiff after making reasonable demand that the Defendant indemnify and pay the Plaintiff for its losses according to the Policy has refused to do so without good or legitimate cause, and in "bad-faith".

**WHEREFORE,** the Plaintiff, MAC Chappys LLC, an Illinois Corporation, prays this Honorable Court find in his favor and against the Defendant based upon the facts stated herein, and award the Plaintiff an amount exceeding $50,000.00 in damages and for all such other remedies which this Honorable Court may grant to the parties to do justice and equity among the Parties.

**Jonathan Turpin Esq.**
**(Attorney for the Plaintiff, MAC Chappys LLC**

## VERIFICATION OF CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except at to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that they verily believe the same to be true.

Date:

Mark A. Campbell

Mark A. Campbell,
Corporate Officer of MAC Chappys LLC

**COUNT II**
**BAD FAITH DENIAL OF CLAIM**
**PURSUANT TO *215 ILCS 5/154.6 (d) and (n)***

12. That the Plaintiff re-states and repeats all of the allegations heretofore stated in Paragraphs One (1) through Eleven (11) herein.

13. That it is clear under the circumstances that the loss suffered by the Plaintiff was covered under the Policy, but the named Defendant has denied payment and failed to reasonably negotiate settlement wrongfully and in violation of the Illinois Insurance Code, specifically *215 ILCS 5/154.6 (d)*. **Please see Plaintiff's Exhibit 2.**

14. That the Defendant has failed to give the reasoning for their denial or failure to reasonably negotiate a compromise, even when the damages to the collapsed building are plainly covered by the Policy, in violation of *215 ILCS 5/154.6(n)*.

15. That demand of reasonable settlement and payment has been made by Counsel for the Plaintiff, and was made upon Counsel for the Defendant, but Defendant has failed to act within reason or fair dealing to settle the claim. **Please see Plaintiff's Exhibit 3 attached hereto.**

16. That subsequent to July 20th, 2024 and within a reasonable time, the Plaintiff has tendered invoices for expenses related to the cleanup of the collapsed building to the Defendant, but the Defendant has refused to pay said claimed expenses related to cleanup of the collapsed building wrongfully and in violation of 215 ILCS 5/154.6 (d).

17. That Counsel for the Plaintiff has reached out the David Walters, an attorney for the Defendant, about the Defendant's wrongful denial of the Plaintiff's claims, but that Defendant has failed to take appropriate action and that said failure is a "bad-faith" denial.

18. That consistent with 215 ILCS 5/155 *et. seq.* the Plaintiff is entitled to their reasonable attorney fees as well as other statutory remedies as a result of the Defendants wrongful and "bad-faith" denial of the Plaintiff's claims under the policy.

**WHEREFORE,** the Plaintiff, MAC Chappys LLC, an Illinois Corporation, asks this Honorable Court grant Plaintiff their reasonable attorney fees as well as any remedies available under Illinois law to do equity between the Parties and compensate the Plaintiff for Defendant's bad faith denial of claims under the Policy and for any such other remedy to do justice and equity among the Parties hereto.

Jonathan Turpin Esq.
(Attorney for the Plaintiff, MAC Chappys LLC

**VERIFICATION OF CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except at to matters therein stated to be on information and belief and as

to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Date:

Mark A. Campbell

Mark A. Campbell,
Corporate Officer of MAC Chappys LLC

Dated: 5/14/2025

**TURPIN & GHIBAUDY,**
**ATTORNEYS AT LAW**
P.O. BOX 610
Carmi, IL. 62821
Ph#: (618) 383-2596
Email: jonturpin13@gmail.com

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, WHITE COUNTY, ILLINOIS

**MAC CHAPPYS LLC,**
**An Illinois Corporation**
(Plaintiff / Petitioner),

**v.** **Case No. 2025 - LA-13**

**BADGER MUTUAL INSURANCE COMPANY,**
(Defendant / Respondent),

ALIAS SUMMONS

**To each Defendant:** Badger Mutual Insurance Company, 1134 N.9th Street, Suite 150, Milwaukee, WI 53233

You are summoned and required to file an answer to the complaint in this case, a copy of the Complaint is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, White County Courthouse, Carmi, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the Officer:**
This summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 12/18/2025 , 2025

Kerry L. Fulkerson
Clerk of the Circuit Court HD

Turpin & Ghibaudy
Jonathan Turpin Esq.
ARDC: 6314167
1415 W. Main
P.O. Box 610
Carmi, IL 62821
Telephone: (618) 383-2596
jontrupin13@gmail.com

Date of Service: ______________________, 2025
(To be inserted by officer on copy left with defendant or other person)

TURPIN & GHIBAUDY
ATTORNEYS AT LAW
P.O. Box 610, CARMI, ILLINOIS 62821

From: Jonathan Turpin Esq.
To: Badger Insurance Company Care of Kevin Epel
**DATE: 7/1/2025**
**Re: Claim Number X001840044 (23651)**

Mr. Kevin Epel, or whom it may concern, this Letter is to make respectful demand that Badger Mutual Insurance Company make payment pursuant to the policy between Badger Mutual Insurance company and my Client MAC Chappies LLC. I respectfully demand that Badger Mutual Insurance Company send me notice of their intent to settle the claim with my Client within the policy limits for loss to the structure and the demolition and cleanup of structure by July 21, 2025 or I will file the Complaint attached and sent along with this Letter.

I respectfully demand that in settling this Claim you agree to make payment the sum of $350,000 by July 21st, 2025, or provide me with notice that you intend to settle the claim within the policy limits and a detailed explanation of Badger's position on any different or lower figure as to what payment to my Client should be.

I respectfully demand that after giving me notice of Badger's intent to comply with the demands herein, by July 22nd, 2025, Badger must make full payment of $350,000.00 by August 1, 2025, by arranging payment with my office using the contact information below, or make written explanation of their inability to comply.

Please notice that this Letter is referenced as Exhibit (3) within the attached Complaint, which has not yet been filed, but will be filed in any case, by July 22nd, if I do not receive back notice of your intent to comply with my demands, or by August 1, 2025 if payment is not made unless other arrangements are agreed. Please see (1) the Complaint that will be filed and Exhibit (1), Exhibit (2) and Exhibit (3).

You should **take notice** that I consider Badger Mutual Insurance Companie's refusal to make any payments this far for cleanup and to alleviate my Client's hardship based upon the envoices which have been provided to badger for expenses related to the loss to be a bad faith denial of Badger's responsibility under Illinois law to pay the claim within policy limits. It is my understanding that Badger's position is that will not pay for the loss and this is not a dispute of the damages resulting from the loss, but a bad faith denial. Accordingly you will see within the Complaint that I have included a Count for bad faith denial of Badger's duty pursuant to ***215 ILCS 5/154.6***. Let me know as soon as possible if I am somehow

mistaken in my understanding of Badger Mutual Insurance Companies' Position in this matter.

Sincerely

**Jonathan Turpin Esq.**

**TURPIN & GHIBAUDY ATTORNEYS AT LAW**
**MAIL: P.O. Box 610, Carmi, IL 62821**
**PH#: (618) 383- 2596**
**ARDC: 6314167**

# BADGER MUTUAL INSURANCE COMPANY

6. **Glassware/Fragile Articles** – We do not cover breakage of fragile articles such as glassware, statuary, porcelains, and bric-a-brac, except as a result of **specified perils** or breakage of building glass. This does not apply to glass that is a part of a building or structure; bottles or other containers held for sale; or lenses of photographic and scientific instruments.

7. **Gutters and Downspouts** – We do not cover loss to gutters and downspouts caused by the weight of ice, sleet, or snow.

8. **Interior of Buildings** – We do not cover loss to the interior of buildings or structures or to personal property in the buildings or structures caused by rain, snow, sleet, ice, sand, or dust, unless:

   a. entering through openings made by a **specified peril**; or

   b. the loss is caused by the thawing of snow, sleet, or ice on the building or structure.

9. **Jewelry, Watches, Jewels, Pearls, Precious Stones, and Metals** – We do not cover more than $2,500 total in any one occurrence for loss by theft of jewelry; watches; watch movements; jewels; pearls; precious or semi-precious stones; gold, silver, or other precious metals; or items consisting primarily of precious metals. This limitation does not apply to items of jewelry or watches worth $100 or less.

10. **Machinery, Tools, and Equipment** – We do not cover builders' machinery, tools, and equipment owned by **you** or in **your** care, while away from the described premises except as a result of **specified perils** or breakage of building glass.

11. **Missing Property** – We do not cover missing property where the only proof of loss is unexplained or mysterious disappearance, or shortage discovered on taking inventory, or other instance where there is no physical evidence to show what happened to the property.

12. **Patterns, Dies, Molds, Models, and Forms** – We do not cover more than $2,500 total in one occurrence for loss by theft to patterns, dies, molds, models, or forms.

13. **Personal Property in the Open** – We do not cover loss to personal property in the open caused by rain, snow, ice, or sleet.

14. **Stamps, Tickets, Letters of Credit** – We do not cover more than $250 total in any one occurrence for loss by theft to stamps, tickets (including lottery tickets held for sale), or letters of credit.

15. **Transferred Property** – We do not cover loss to property that has been transferred to a person or to a place away from the described premises on the basis of unauthorized instructions.

16. **Valuable Papers and Records** – We do not cover loss to valuable papers or records except by **specified perils** or breakage of building glass. This applies to account books, bills, card index systems, electronic data processing media and the information on such media, deeds, drawings, evidence of debt, manuscripts, and other records.

## ADDITIONAL COVERAGES

1. **Collapse** – We pay for loss caused by direct physical loss involving collapse of a building or structure or any part of a building or structure caused only by one or more of the following:

   a. **specified perils**; all only as covered in the Commercial Property Coverage;

   b. hidden decay;

   c. hidden insect or vermin damage;

   d. weight of people or business personal property;

   e. weight of rain that collects on a roof; or

   f. the use of defective material or methods in construction, remodeling, or renovation if the collapse occurs during the course of the construction, remodeling, or renovation.

   If otherwise covered under the Commercial Property Coverage, under items a. through f. above, we do not pay for loss to the following types of property unless the loss is a direct result of the collapse of a building or structure:

   outdoor radio, television, satellite, dish-type, or other antennas including their masts, towers, and lead-in wiring; outdoor awnings or canopies or their supports; fences; gutters and downspouts; yard fixtures; outdoor swimming pools; piers, wharves, and docks; beach or diving platforms or appurtenances; retaining walls; foundations; walks, roadways, and other paved surfaces.

   Collapse does not include settling, cracking, shrinking, bulging, or expanding.

   This does not increase the **limit**.

2. **Tearing Out and Replacing** – When loss caused by:

   a. water;

   b. other liquids;

   c. powder; or

   d. molten material

PLAINTIFF'S EXHIBIT 2


Copyright MCMXCIV, American Association of Insurance Services

TURPIN & GHIBAUDY
ATTORNEYS AT LAW
P.O. Box 610, CARMI ILLINOIS 62821

PLAINTIFF'S EXHIBIT 3

From: Jonathan Turpin Esq.
To: Badger Insurance Company Care of Kevin Epel
**DATE: 7/1/2025**
**Re: Claim Number X001840044 (23651)**

Mr. Kevin Epel, or whom it may concern, this Letter is to make respectful demand that Badger Mutual Insurance Company make payment pursuant to the policy between Badger Mutual Insurance company and my Client MAC Chappies LLC. I respectfully demand that Badger Mutual Insurance Company send me notice of their intent to settle the claim with my Client within the policy limits for loss to the structure and the demolition and cleanup of structure by July 21, 2025 or I will file the Complaint attached and sent along with this Letter.

I respectfully demand that in settling this Claim you agree to make payment the sum of $350,000 by July 21st, 2025, or provide me with notice that you intend to settle the claim within the policy limits and a detailed explanation of Badger's position on any different or lower figure as to what payment to my Client should be.

I respectfully demand that after giving me notice of Badger's intent to comply with the demands herein, by July 22nd, 2025, Badger must make full payment of $350,000.00 by August 1, 2025, by arranging payment with my office using the contact information below, or make written explanation of their inability to comply.

Please notice that this Letter is referenced as Exhibit (3) within the attached Complaint, which has not yet been filed, but will be filed in any case, by July 22nd, if I do not receive back notice of your intent to comply with my demands, or by August 1, 2025 if payment is not made unless other arrangements are agreed. Please see (1) the Complaint that will be filed and Exhibit (1), Exhibit (2) and Exhibit (3).

You should **take notice** that I consider Badger Mutual Insurance Companie's refusal to make any payments this far for cleanup and to alleviate my Client's hardship based upon the envoices which have been provided to badger for expenses related to the loss to be a bad faith denial of Badger's responsibility under Illinois law to pay the claim within policy limits. It is my understanding that Badger's position is that will not pay for the loss and this is not a dispute of the damages resulting from the loss, but a bad faith denial. Accordingly you will see within the Complaint that I have included a Count for bad faith denial of Badger's duty pursuant to ***215 ILCS 5/154.6***. Let me know as soon as possible if I am somehow

mistaken in my understanding of Badger Mutual Insurance Companies' Position in this matter.

Sincerely

**Jonathan Turpin Esq.**
**TURPIN & GHIBAUDY ATTORNEYS AT LAW**
**MAIL: P.O. Box 610, Carmi, IL 62821**
**PH#: (618) 383- 2596**
**ARDC: 6314167**



BY Jenny 12.19.25 9:27 am